MARTORELL, DEMANDANTE Y APELADO, *v.* SIACA, JR., DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en un recurso de *mandamus.*

No. 2124.—Resuelto en abril 8, 1920.

MANDAMUS — COPIA DE DOCUMENTOS NOTARIALES. — Una solicitud de *mandamus*
para obligar a un notario a que expida copia de documento de su protocolo
debe expresar claramente si el derecho del peticionario a obtener la copia
se funda en el primero o en el segundo inciso de la sección 25 de la Ley
Notarial, porque cuando la solicitud se funda en el primer inciso, el peti-
cionario debe acudir directamente al notario y sólo en caso de negativa de
éste procede ejercitar el recurso de *mandamus;* y cuando la solicitud se
funda en el segundo inciso, el interesado deberá acudir a la corte por medio
de petición justificada y no por medio de *mandamus.*

ID.—ORDEN MANDANDO EXPEDIR COPIA DE DOCUMENTOS NOTARIALES.—La autori-
zación dada por una corte de distrito a un notario, a petición de parte, para
que expida copias de documentos de su protocolo, no envuelve una orden o
mandato para la expedición de tales copias.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado del apelado: *Sr. G. Cruzado Silva.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión
del tribunal.

Rafael Martorell presentó en ocho de agosto de 1919 una
solicitud a la Corte de Distrito de San Juan, Sección Se-
gunda, para que se librara un auto de *mandamus* contra Ra-
món Siaca, Jr., ordenándole la expedición de copias de los
siguientes documentos: (*a*) Testamento otorgado por Ma-
nuel Fernández Alonso el 25 de junio de 1897; (*b*) Escri-
tura otorgada el 27 de julio de 1900, ante el notario Alvarez
Nava, sobre liquidación, división y adjudicación de los bie-
nes del finado Fernández Alonso; y (*c*), escritura otorgada
el 22 de noviembre de 1916 ante el notario Francisco Soto
Gras, sobre rectificación de dichas operaciones divisorias.

El peticionario alega que el demandado, notario público,
tiene bajo su custodia los documentos de que se deja hecho
mérito; que ante la Corte de Distrito de Arecibo ha radi-
cado pleito sobre nulidad de los mismos y necesita copia de

ellos para comprobar las alegaciones de la demanda; que con fecha del día anterior había solicitado y obtenido de la corte una orden dirigida al demandado para que le expidiera las copias que con anterioridad había pedido verbalmente al demandado, habiéndose negado éste no solo al requerimiento verbal sino también a la orden de la corte autorizándolo para que librara las copias, y que la negativa del demandado le causaba perjuicios por la necesidad imperiosa en que estaba de producirlos como evidencia en la vista del pleito.

La Corte de San Juan, por orden de la misma fecha, 8 de agosto, accedió a la súplica del peticionario, fijando al demandado un término para que compareciera ante ella a exponer los motivos que tuviera para no obedecer la orden de la corte; y el demandado compareció y archivó una larga contestación haciendo entre otras alegaciones, la de que el demandante no había justificado su carácter de parte interesada en los documentos y la de que la corte en su primera orden se limitó a autorizarlo para expedir las copias, pero sin ordenarle que las expidiera.

No aparece que se produjeran pruebas y la corte de distrito finalmente dictó sentencia en 11 de agosto de 1919, declarando con lugar la solicitud de *mandamus* únicamente con relación a la escritura de 22 de noviembre de 1916 sobre rectificación de las operaciones divisorias de los bienes relictos por Manuel Fernández Alonso, sin especial condenación de costas, contra cuya sentencia interpuso el demandado el presente recurso de apelación.

En la opinión que sirve de fundamento a la sentencia, afirma el juez que el peticionario, en el acto de la vista, había limitado su solicitud a la expresada escritura (*c*), renunciando a las copias de los otros dos documentos (*a*) y (*b*), y se expresa en los siguientes términos:

"La copia del documento debe expedirse en favor de quien tenga derecho a solicitarla. Si el peticionario en este caso no está dentro de las personas señaladas en la primera parte del artículo 25 de la Ley Notarial, (año 1914, página 152), lo está en la segunda

parte y no puede dudarse que cumplió con el requisito que se expresa en dicho artículo compareciendo ante la corte y justificando la necesidad de la expedición de esa copia mediante una petición que juró y en la que hizo constar que era parte de un pleito seguido ante la Corte de Distrito de Arecibo en el que él era parte interesada.''

No estamos conformes con el anterior razonamiento. El artículo 25 invocado por el juez, dice así:

''Sección 25.—Las partes, sus causantes y causahabientes en la materia del contrato y cualquier persona que aparezca interesada en el mismo, podrá solicitar y obtener del notario las oportunas copias de las escrituras matrices. Cualquiera otra persona podrá también obtener copia de un documento notarial, mediante petición justificada ante una corte de distrito, que a su razonable discreción podrá librar una orden a ese efecto.''

El primer inciso de la sección transcrita autoriza a los otorgantes de un documento y a cualquier persona interesada en el mismo para solicitar y obtener del notario las oportunas copias de las escrituras matrices. Y el segundo inciso autoriza a cualquiera otra persona que no sea otorgante o parte interesada en un documento a solicitar y obtener copia de éste mediante petición justificada ante una corte de distrito, la que, discrecionalmente podrá librar una orden a ese efecto.

Ignoramos bajo qué teoría actuó el peticionario al solicitar el auto de *mandamus,* si bajo el inciso primero o al amparo del segundo, y él estaba en el deber de adoptar una posición franca y bien definida como lo exige todo debate judicial. Si actuó bajo el primer inciso, debió acudir directamente al notario en solicitud de la copia que necesitaba, y negada la copia, le quedaba expedita la vía legal de recurrir a la corte de distrito por medio de *mandamus* para que el notario fuera compelido a expedir la copia al amparo de la sección primera de la Ley de *Mandamus* aprobada en 12 de marzo de 1903. Con arreglo a dicha ley, debe haberse suplicado al demandado que ejecute el acto, a cuya ejecución se le trata de obligar, y él debe haberse negado a verificarlo,

antes de que pueda considerarse solicitud alguna para un auto de *mandamus,* pues de otro modo no asiste derecho para pedir al tribunal que dicte el expresado auto. *Zavala et al. v. El Consejo Ejecutivo de Puerto Rico,* 9 D. P. R. 211. Si el peticionario actuó bajo el segundo inciso de la sección 25, esa misma sección le fijaba lo que debía hacer, esto es, acudir a la corte de distrito por medio de petición justificada y no por medio de *mandamus* para obtener la copia. La autorización dada por la corte de distrito al notario para expedir la copia no envuelve una orden o mandato para la expedición de la misma.

El peticionario se ha apartado del procedimiento que para uno u otro caso establece la ley y el recurso de *mandamus* no es el apropiado para conseguir los fines que persigue. Las partes no son árbitras de alterar las reglas del procedimiento.

Es de revocarse la sentencia apelada y declararse sin lugar la solicitud de *mandamus.*

> *Revocada la sentencia apelada y declarada sin lugar la solicitud de* mandamus, *sin especial condenación de costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison disintió.